Name: BRANDON S. BRUCE

Address: 801 Ash Street, Unit 102, San Diego, CA 92101

Telephone: 215-605-8026

Email: brandonsbrucefedemploymentlaw@gmail.com

**FILED**
Feb 06 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ gloriav   DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Brandon Sinclair Bruce,

                Plaintiff,

v.

Xavier Becerra, Secretary, U.S. Department of Health and Human Services,

                Defendant.

Case No.: [Case No.] **'23 CV 0214 WQH BLM**

**COMPLAINT**

**I. RELATED CASES**

Yes. Case No.: 22-CV-00115-DMS-JLB.

**II. STATEMENT OF CLAIM**

This case is to resolve three (3) Consolidated EEOC Cases:

    **1. Agency No. HHS-FDACTP-005-21**

Whether the Agency violated Title VII or the Rehab. Act by subjecting Plaintiff to harassment, beginning September 13, 2020, based on his disability (Physical and Mental), and in retaliation for past protected activity when:

1. On November 18, 2020, the Agency tried to require Plaintiff to attend weekly branch meetings at 7 AM local time after his directed reassignment to the Regulatory Integrity Branch despite Plaintiff having an approved reasonable accommodation of "flextime."

1

Plaintiff alleges that the requirement that he attend a weekly branch meeting with a 7 AM local start time is inconsistent with the core hours of 10 AM to 3 PM on Tuesday and Thursday workdays and core hours of 10:30 AM to 2:30 PM on Monday, Wednesday, and Friday.

2. On November 6, 2020, the Responsible Management Official (RMO) Summer Calahan, Supervisory Regulatory Counsel, included restrictive language in Plaintiff's telework agreement, which states, "The employee's Alternate Duty Station is approved for 801 Ash Street, Unit 102, San Diego, CA 92101 for the duration of COVID-19." Plaintiff alleges that the Agency was ordered by way of injunction by EEOC AJ David Norken to approve 100% telework as a reasonable accommodation for no less than two (2) years. AJ Norken's order was the result of a full and final judgment on the merits to resolve Agency numbers HHS-FDA-CTP-120-16 and HHS-FDA-CTP-050-17.

3. On October 28, 2020, the Agency produced a breakdown of what it described as "erroneous payments," which showed that the Agency unlawfully withheld $14,995 from Plaintiff's back-pay award for unemployment payments.

Plaintiff alleges that the Agency's action constitutes retaliation against him because the Agency withheld the $14,995 amount for unemployment payments paid by the State of California without his consent or approval and on its own initiative as the Agency had not received a prior request or demand for repayment of unemployment payments to him from the State of California.

4. On October 28, 2020, Plaintiff received a Response to Request for Reasonable Accommodation memorandum from RMO Calahan, which indicated that the denial was recommended by RA Specialist Robert Thomas.

5. On September 24, 2020, Plaintiff received a declaration from Responsible Management Official (RMO) Michelle Jackson. The declaration stated that "The Contracts and Programs Operations branch's current workload does not support the need for an additional GS-13 level employee."

Plaintiff alleges that the denial of his reassignment to Contracts and Program

Operations Branch and continued assignment to the Regulatory Integrity Branch is further evidence of retaliation as he was offered a position in the Regulatory Integrity Branch in January and October 2017.

6. On September 13, 2020, Plaintiff was reinstated and involuntarily reassigned. Plaintiff alleges that, per an Arbitration Proceeding, the Agency was ordered to reinstate him "…to his same position, if possible, or to a substantially similar position compatible with full-time telecommuting if his prior position is not available…". Plaintiff alleges that rather than reassign him to within the Contracts Branch and in a position that is like or related, the agency used not having the same position available as a pretext to harass and retaliate against you for your previous EEO activity.

7. On December 21, 2020, RMO Calahan and Elena (Helen) Read, Ethics Management Specialist, Center for Tobacco Products, attempts to deny him 520 form is per se retaliation for his prior EEO activity.

Plaintiff alleges that the activities that he performed for his non-profit has been for the past four (4) years. Ms. Read failed to provide any specific information about the need for requesting more information as his activities with his non-profit include no compensation for his involvement and the described outside activities have no relation to his job as a Regulatory Counsel, the Center of Tobacco, or the Agency's mission and/or work at FDA or HHS.

8. On February 10, 2021, RMO Calahan denied his request to use official time.

**2. Agency No. HHS-FDACTP-046-21**

Whether the Agency violated Title VII or the Rehab. Act, as amended, by subjecting Plaintiff to harassment beginning July 2021, based on his disability (Physical and Mental), and in retaliation for prior EEO activity when:

1. On July 30, 2021, RMO Shawnte Adams, Center for Tobacco Products, violated the terms of Plaintiff's approved reasonable accommodation when she directed him to receive direction and assignments from the Contracts Branch Team Leads, Stacy Blake and Rita Okolo, who are not in his chain-of-command.

2. On July 30, 2021, the RMO retaliated against him when she denied his request to use annual leave to engage in protected activity of filing a timely appeal with the Merit Systems Protection Board (MSPB).

3. On July 2, 2021, the RMO established a deadline of August 17, 2021, for Plaintiff to complete all COR Certification despite her not assisting him with registering in COR training classes or preparation to meet that deadline.

4. On June 9, 2021, the RMO issued him a work assignment, despite him not being COR certified.

5. On August 12, 2021, RMO Adams told Plaintiff that "You should be advised that no leave will be granted until such time you have completed your COR training as well as being up to date with your work assignments."

Plaintiff alleges that the RMO's aforementioned statement was made as the basis for why she failed to take timely action on his leave requests submitted on July 28, 2021, to use leave on four (4) consecutive dates from September 13, 2021, to September 16, 2021, via ITAS despite annual leave being considered as "a right of the employee," i.e., in accordance with Article 15 Section 2B, and the principle that sick leave must be approved or denied by a supervisor within three (3) days of receiving the request, i.e., in accordance with Article 16, Section 3.

6. On August 25, 2021, the RMO approved just nineteen (19) of the forty (40) hours that Plaintiff requested to use via ITAS four (4) weeks prior on July 28, 2021.

Plaintiff states that to date, the RMO has failed to make a decision to approve or deny his remaining 21 hours of restored annual leave (RAL) that he requested to use on July 28, 2021, which is still outstanding and therefore remains in limbo.

7. On August 6, 2021, the RMO denied his July 30, 2021 request to use official time to prepare for and participate in a August 17, 2021 teleconference with an EEOC AJ, after first discussing his request with the HHS OGC attorney assigned to the case, Douglas Elliott.

4

8. The RMO failed to make a timely decision to approve or deny Plaintiff's August 24, 2021, leave request to attend a medical appointment and receive treatment on August 25, 2021.

9. On August 26, 2021, RMO Adams denied 20 of the 40 hours of official time that he requested for on August 24, 2021.

Plaintiff alleges that the RMO denied 20 of the 40 hours of official time he requested without first providing him with the opportunity to appeal her decision as she never provided a substantive response to his emails to her and (RMO-2) Michelle Jackson, Center for Tobacco Products, on August 26, 2021, and August 27, 2021. The RMO was on leave from August 30, 2021 to September 3, 2021, which are the specific dates that he requested to use official time to engage in the EEO process.

10. On August 26, 2021, the RMO denied 20 of the 40 hours of official time that he requested for on August 24, 2021, to engage in the EEO process. The RMO failed to provide him with an adequate explanation for why she decided to deny 20 of the 40 hours of official time that he requested to use.

11. On October 12, 2021, RMO Adams assigned Plaintiff government contracts and work responsibilities despite him not being currently certified to perform duties as a Contracting Officer Representative ("COR").

12. On October 12, 2021, the RMO, continues to interfere with the effectiveness of his existing reasonable accommodations, i.e., a 4/10 AWS that's been in place since January 2015. With the assignment of State Contracts, which requires that he be available five (5) days a week, which contradicts with his RA, which expressly states that he work four (4) days a week, ten (10) hours a day because of his approved 4/10 AWS.

a. Plaintiff doesn't share the same work schedule as the contractors that he is charged with overseeing as a part of his core duties as a COR. In particular, RMO Adams' assignment of contracts that aren't on PST (such as New York, Eastern Standard Time ("EST"), Ohio and Michigan, Central Standard Time ("CST"), including parts of North and South Dakota, which are also on Mountain Standard Time ("MST")), RMO

Adams' assignment of State Contracts disrupts Plaintiff's Flexi-Time reasonable accommodation that prohibits the establishment of start and finish times for his work schedule.

b. Plaintiff's, existing reasonable accommodations, i.e., 100% telework reasonable accommodation to work from his residence in San Diego, California because Plaintiff has a current duty station of San Diego/Carlsbad, which is on Pacific Standard Time ("PST"), so RMO Adams' action to assign Plaintiff all contracts that aren't on PST (such as New York, Eastern Standard Time ("EST"), Ohio and Michigan, Central Standard Time ("CST"), including parts of North and South Dakota, which are also on Mountain Standard Time ("MST")), constitutes an adverse action for Plaintiff as all of his contractors are on an earlier start time than he is thereby making Plaintiff's contractors less available during Plaintiff's Flexi-Time work schedule in San Diego, California.

### 3. Agency No. HHS-FDACTP-021-22

Whether the Agency violated Title VII or the Rehab. Act, as amended, by subjecting Plaintiff to harassment beginning January 5, 2022, based on his disability (Physical and Mental), and retaliation/reprisal for prior EEO activity when:

1. On March 11, 2022, he was charged AWOL by RMO Tamba Borbor, Supervisory Program Specialist, Office of Compliance, Division of Business Operations with no due process prior to him being deprive for working a full day.

2. On February 15, 2022, a false report was made against him to dissuade him from filing a whistleblowing and/or EEO complaint against the RMO and others in OCE management.

3. On February 14, 2022, the RMO scheduled a third mandatory contract transfer meeting, despite this action being an ordinary and regular occurrence that doesn't require supervisory involvement.

4. On February 11, 2022, Plaintiff did not consent to a recorded meeting, that the RMO conducted with 3rd party contractors.

6

5. On February 11, 2022, the RMO, indicated that he will not approve Plaintiff's leave for doctor's appointment planned the same day.

6. On February 8, 2022, the RMO made it mandatory for Plaintiff to attend a Zoom meeting that was recorded without his consent.

7. On January 26, 2022, the (RMO) falsely alleged that Plaintiff's performance is "not in good standing."

8. On January 6, 2022, the RMO requested that Plaintiff provide to him regular updates regarding Plaintiff's FAC P/PM Level III certification. Plaintiff provided the RMO a copy of the completed FAC P/PM Level III on December 21, 2021.

9. On January 5, 2022, Mr. Bruce states that he received an email from the Office of Reasonable Accommodation notifying him of review and possible elimination of one of his existing accommodations, per the RMO's request.

## III. RELIEF YOU REQUEST

1. Payment of $14,955 that was unlawfully withheld by the Agency related to Plaintiff's reinstatement on September 13, 2020, plus interest from the date of September 13, 2020, to present day;

2. Three hundred thousand ($300,000) dollars in compensatory damages for harm caused from discrimination, retaliation, and harassment upon reinstatement to a position that was distinguishable from Plaintiff's prior position of record at the time of his unlawful removal, including but not limited to, damage to reputation, loss of employment opportunities, increased anxiety, depression, humiliation, sleep deprivation, increased migraine headaches, social withdrawal from family and friends, as well as permanent diminishment in the quality of life;

3. Removal of all adverse action from Plaintiff's eOPF, including the two (2) suspensions currently showing in his eOPF;

4. Reimbursement for court-related filing and litigation costs, including mail postage fees for the filing of the underlying initial EEOC case, and this present District Court case, etc.;
5. EEO training for all responsible management officials involved; and
6. Consider recommending disciplinary action against Tamba Borbor and Collins Mason for their unsupported proposed and retaliatory suspension of Plaintiff.

## IV. DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all claims pursuant to FRCP, Rule 38.

I declare under penalty of perjury that the foregoing is true and correct.

_February 6, 2023_
Date

_Brandon A. Bruce_
Signature

_Brandon S. Bruce_
Printed Name