1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 BRANDON SINCLAIR BRUCE, | Case No.: 3:23-cv-00214-JES-JLB |
| 12                      Plaintiff, | **ORDER GRANTING DEFENDANT'S** |
| 13 v. | **MOTION TO DISMISS** |
| 14 XAVIER BECERRA, acting in his | **[ECF No. 9]** |
| 15 official capacity as the Secretary of the Department of Health and Human | |
| 16 Services, | |
| 17                      Defendant. | |

18

19        Plaintiff Brandon Sinclair Bruce ("Plaintiff") sued the Secretary of the U.S.

20  Department of Health and Human Services ("Defendant") alleging disability-based

21  harassment and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") or

22  the Rehabilitation Act of 1973 ("Rehabilitation Act"), without specifying which claim he

23  is asserting under which statute. Before the Court is Defendant's Motion to Dismiss

24  Plaintiff's Complaint, arguing, *inter alia*, that Plaintiff failed to demonstrate that he

25  exhausted administrative remedies with the Equal Employment Opportunity Commission

26  ("EEOC"). ECF No. 9. For the reasons elucidated below, this Court agrees.

27
28

# I.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256, 133 S. Ct. 1059, 185 L. Ed. 2d 72 (2013). As such, a court is to presume "that a cause lies outside this limited jurisdiction," until the plaintiff proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *see also Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists."). When a court "lacks subject-matter jurisdiction, the court must dismiss the complaint" under Federal Rule of Civil Procedure 12(b)(1). *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).

A Rule 12(b)(1) jurisdictional challenge may be either a facial or factual attack. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In a facial attack, the defendant contends that the allegations in a complaint are insufficient on their face to establish federal jurisdiction. *Id.* On the other hand, in a factual attack, the defendant challenges the truth of the allegations invoking federal jurisdiction. *Id.*

Title VII and Rehabilitation Act complainants must demonstrate exhaustion of EEOC administrative remedies to establish subject matter jurisdiction. *Kimber v. Del Toro*, No. 3:21-cv-1487-BTM-BLM, 2024 U.S. Dist. LEXIS 7905, at *10 (S.D. Cal. Jan. 16, 2024); *see B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) ("In order to establish subject matter jurisdiction over her Title VII claim, Plaintiff was required to exhaust her administrative remedies."); *Bullock v. Berrien*, 688 F.3d 613, 616 (9th Cir. 2012) ("A federal employee asserting a claim of discrimination under the Rehabilitation Act must exhaust administrative remedies before filing a civil action in district court."). Where a claimant fails to demonstrate exhaustion, federal courts lack jurisdiction. *E.g.*, *Phelps v. United States*, No. 1:17-cv-01171-LJO-EPG, 2018 U.S. Dist. LEXIS 16898, at *7-8 (E.D. Cal. Jan. 31, 2018) (holding that "[b]ecause failure to exhaust administrative remedies is a bar to subject matter jurisdiction, and Plaintiff has put forward no evidence showing that he exhausted administrative remedies prior to

filing suit, Plaintiff has failed to demonstrate that this Court, or any other Federal Court, has subject matter jurisdiction.").

## II.   DISCUSSION

Defendant mounts a jurisdictional challenge facial attack on the existence of subject matter jurisdiction arguing, in part, that Plaintiff failed to demonstrate exhaustion of EEOC administrative remedies. ECF No. 9, at 3-4. In his opposing papers, Plaintiff argues that he did exhaust administrative remedies and such proof is in the care and custody of the Defendant. ECF No. 10, at 2-3. But Plaintiff fails to appreciate that as the party asserting subject matter jurisdiction, he has the burden of proving its existence. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (citing *Kokkonen*, 511 U.S. at 377). In resolving a facial attack, "the court assumes the truth of the complaint's allegations and draws all reasonable inferences in plaintiff's favor." *Bautista v. Mayorkas*, 644 F. Supp. 3d 748, 752 (S.D. Cal. 2022) (citing *Wolfe*, 392 F.3d at 362). Even with construing inferences in Plaintiff's favor, the Court finds that he failed to establish subject matter jurisdiction because he merely says he exhausted his administrative remedies in his opposition brief without demonstrating exhaustion in his complaint. As a result, the Court presumes it lacks jurisdiction and therefore declines to address Defendant's remaining arguments.

## III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss under Rule 12(b)(1), **with leave to amend**. Should Plaintiff elect to amend, Plaintiff must do so within **30 days** from the date of this Order and sufficiently clarify a cause of action.

**IT IS SO ORDERED.**

1 | **Dated:  February 13, 2024**
2 |
3 |
4 |
5 |

Honorable James E. Simmons Jr.
United States District Judge