UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON SINCLAIR BRUCE,<br><br>                      Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, acting in his official capacity as the Secretary of the U.S. Department of Health and Human Services,<br><br>                      Defendant. | Case No.: 3:23-cv-00214-JES-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 35]** |

    Plaintiff Brandon Sinclair Bruce ("Plaintiff") brings this action against Defendant, the Secretary of the U.S. Department of Health and Human Services ("Defendant"), alleging discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Rehabilitation Act of 1973 (the "Rehab Act"). Defendant moves to dismiss Plaintiff's second amended complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). Oral argument on Defendant's motion was held on December 11, 2024. For the reasons stated herein, Defendant's motion is **GRANTED**.

///

## I. BACKGROUND

Plaintiff was a GS-13 Regulatory Counsel for the Center for Tobacco Products ("CTP"), which is a branch of the U.S. Food and Drug Administration ("FDA") within the Department of Health and Human Services (the "Agency").[1] Plaintiff filed numerous Equal Employment Opportunity ("EEO") complaints with the FDA initiating three consolidated internal EEO cases. ECF No. 34, Second Amended Complaint ("SAC"), ¶ 6. The first case investigated alleged incidents of harassment, retaliation, and discrimination from September 13, 2020 to February 10, 2021. *Id.* ¶ 8. The second case investigated alleged incidents of harassment, retaliation, and discrimination from June 9, 2021 to October 12, 2021. *Id.* ¶ 9. The third case investigated alleged incidents of harassment, retaliation, and discrimination occurring on January 5, 2022, January 6, 2022, January 26, 2022, February 8, 2022, February 11, 2022, February 14, 2022, February 15, 2022, and March 11, 2022. *Id.* ¶ 10. On February 6, 2023, Plaintiff filed a complaint in this Court and withdrew the cases from the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 15.

On March 27, 2024, Defendant moved to dismiss Plaintiff's first amended complaint, arguing that Plaintiff failed to comply with Federal Rule of Civil Procedure ("FRCP") 8 and failed to state plausible claims for relief pursuant to FRCP 12(b)(6). ECF No. 24. On September 13, 2024, this Court granted Defendant's motion with leave to amend. ECF No. 33. Plaintiff filed his SAC on October 15, 2024. ECF No. 34.

Defendant now moves to dismiss the SAC, arguing, once again, that it fails to comply with FRCP 8 and fails to state plausible claims for relief pursuant to FRCP 12(b)(6). ECF No. 35.

/ / /

/ / /

/ / /

---

[1] Plaintiff was removed from federal service on November 6, 2024. *See* ECF No. 36 at 6.

## II. LEGAL STANDARD[2]

A motion to dismiss for failure to state a claim should be granted when the allegations do not "state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted).

When evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). While the court must draw all reasonable inferences from the factual allegations in favor of the plaintiff, *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008), the court need not credit legal conclusions that are couched as factual allegations, *Iqbal*, 556 U.S. at 678-79.

When a court dismisses a complaint under FRCP 12(b)(6), it must then decide whether to grant leave to amend. FRCP 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725-26 (9th Cir. 2000). Dismissal without leave

---

[2] Because the Court finds that the SAC fails under FRCP 12(b)(6), it will not address Defendant's motion under FRCP 8.

to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). In other words, if allowing a party to amend its pleading would be futile, district courts properly decline to grant leave to amend. *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).

### III. DISCUSSION

#### A. Rehabilitation Act

Plaintiff asserts two claims under the Rehab Act: (1) disability discrimination (count one) and (2) hostile work environment (count 2). SAC ¶¶ 27-49.

To state a claim for disability discrimination under the Rehab Act, Plaintiff must show: (1) he has a disability; (2) is otherwise qualified, with or without reasonable accommodation, to perform the essential functions of his job; and (3) suffered discrimination because of his disability. *See Wong v. Regents of the University of California*, 410 F.3d 1052, 1058 (9th Cir. 2005). The third element requires but-for causation. *See Murray v. Mayo Clinic*, 934 F.3d 1101, 1105 (9th Cir. 2019) ("[A]n ADA discrimination plaintiff bringing a claim under 42 U.S.C. § 12112 must show that the adverse employment action would not have occurred but for the disability."); *cf. Smith v. Harrington*, No. C 12-03533 LB, 2015 WL 1407292, at *23 (N.D. Cal. Mar. 27, 2015) (holding that the related Section 504 of the Rehabilitation Act requires but-for causation). Similarly, to state a claim for hostile work environment, Plaintiff must plausibly show that he was "subjected to verbal or physical conduct" because of his disability; (2) "the conduct was unwelcome"; and (3) "the conduct was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment."[3] *Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir. 2003).

---

[3] While the Ninth Circuit has not decided whether a claim may be asserted under the ADA, and consequently the Rehab Act, predicated on an alleged hostile work environment created by disability

Plaintiff has failed to set forth plausible allegations that he suffered discrimination or harassment "because of" a disability. By way of example, Plaintiff alleges that he was subjected to discrimination and harassment when he was asked to attend weekly branch meetings, scheduled for 10 a.m. Eastern Standard Time, by his new supervisor. SAC ¶ 45(a). Plaintiff, however, had a reasonable accommodation of "flextime" in which he worked a compressed four-to-ten work schedule and started work at 10 a.m. Pacific Standard Time. *Id.* His supervisor's request, therefore, would require him to attend meetings outside of his normal working hours. *Id.* ¶¶ 31(c), 45(a). Those meetings, however, were not mandatory and never actually attended by Plaintiff. ECF No. 34-2 at 91. Similarly, Plaintiff alleges that he was subjected to discrimination and harassment because of a telework agreement that contained the phrase "for the duration of COVID-19" instead of "no less than 2 years." SAC ¶ 31(b). Plaintiff has been continuously teleworking for almost four years. ECF No. 35 at 6.

In short, these allegations fail to connect his disability to acts of discrimination or harassment by his employer. Neither the nonobligatory meeting nor the alleged constrictive telework agreement appears to be connected to or imposed because of his disability.

Plaintiff's other allegations, pled in support of his harassment claim, similarly fail to plausibly show that Defendant's actions were because of his disability. The SAC alleges that Defendant: (1) required him to take direction from more than one individual, (2) refused to approve his leave request until his work was "up to date," (3) failed to timely approve leave requests to attend medical appointments planned the next or same day, (4)

---

harassment, *see Brown v. City of Tuscan*, 336 F.3d 1181, 1189-90 (9th Cir. 2003), other courts within the Ninth Circuit have allowed cognizable disability harassment claims to proceed. *See Maese-Thomason v. Embry-Riddle Aeronautical University*, No. CV-20-08338-PCT-DWL, 2023 WL 5822513, at * 21 (D. Ariz. Sept. 8, 2023); *see also Green v. City & Cnty. of San Francisco*, No. 17-cv-00607-TSH, 2021 WL 3810243, at *48 (N.D. Cal. Aug. 26, 2021) (collecting cases). If Plaintiff pleads a cognizable disability harassment claim, the Court will follow the lead of other district courts within the Ninth Circuit recognizing such.

approved only 19 of the 40 hours of leave requested, and (5) assigned him work that required his attention five days a week. SAC ¶ 45. These actions do not appear to be connected to or imposed because of Plaintiff's disability. Moreover, it's unclear how many of these actions constitute harassment or that they were sufficiently severe or pervasive to constitute a hostile work environment claim.

In view of the foregoing, the Court **DISMISSES** Plaintiff's claims brought under the Rehab Act.

**B.     Title VII**

Plaintiff asserts three Title VII claims against Defendant: hostile work environment (count three), disparate treatment (count four), and retaliation (count five). SAC ¶¶ 50-68.

**1.     Hostile Work Environment**

Plaintiff alleges that Defendant harassed and mistreated him in the workplace because of his prior EEO activity, which created a hostile work environment in violation of Title VII. *See generally* SAC ¶¶ 50-55.

Title VII prohibits employment discrimination based on an "individual's *race, color, religion, sex, or national origin*." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). To establish a prima facie case of hostile work environment, the plaintiff must show that "(1) Defendant subjected him to verbal or physical conduct because of his protected characteristic; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment." *Gipaya v. Dept. of the Air Force*, 345 F. Supp. 3d 1286, 1297 (D. Haw. 2018) (*citing Surrell v. Cal. Water Servs. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008)).

Here, Plaintiff fails to allege membership of a protected class. Instead, he alleges that the Agency harassed and/or discriminated against him for engaging in the EEO process and his prior EEO activity. SAC ¶ 53. Plaintiff's EEO activity is not a protected class under Title VII. Plaintiff's corresponding investigation reports show, at most, allegations of disability discrimination. *See* ECF No. 34-2 at 4; ECF No. 34-3 at 2; ECF No. 34-4 at 4. Disabilities, however, are also not protected under Title VII. *Simmons v. Modly*, No. 19-

CV-1448, 2020 WL 4784739, at *3-4 (S.D. Cal. Aug. 18, 2020) (dismissing Title VII claims where the plaintiffs alleged discrimination based on age, medical conditions, and disabilities); *Ross v. Padres LP*, No. 17-CV-1676 JLS (JLB), 2018 WL 3126114, at *6 (S.D. Cal. June 25, 2018) (same); *Montanez v. Educ. Tech. Coll.*, 660 F. Supp. 2d 235, 243 (D.P.R. 2009) (dismissing claims brought under Title VII for discrimination based on age and disability, "neither of which are protected classes under Title VII"). Thus, the Court **DISMISSES** Plaintiff's hostile work environment claim under Title VII.

### 2. Disparate Treatment

To establish a prima facie case for disparate treatment under Title VII, a plaintiff must show that "(1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123–24 (9th Cir. 2000).

Here, Plaintiff alleges that "he was subjected to disparate treatment due to his prior EEO activity as he's unaware of any other employee outside of his protected class, i.e., an employee with no prior EEO activity, that was subjected to this same treatment." *See* SAC ¶ 58(a). Again, Plaintiff attempts to bring a Title VII claim based on his membership in a class not protected by Title VII. Because Plaintiff has failed to allege a membership of a protected class, he cannot establish the first element of a disparate treatment claim. Accordingly, the Court **DISMISSES** Plaintiff's disparate treatment claim under Title VII.

### 3. Retaliation

Title VII prohibits discrimination against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To state a prima facie case of retaliation, a plaintiff must show that "(1) [he] engaged in a protected activity, (2) [he] suffered an adverse employment action, and (3) there was a causal link between [his]

protected activity and the adverse employment action." *Poland v. Chertoff*, 494 F.3d 1174, 1179-80 (9th Cir. 2007).

Defendant argues that Plaintiff has failed to sufficiently allege a causal connection between the alleged protected activities and adverse actions. ECF No. 35 at 8-9. Causation may be established by an inference derived from circumstantial evidence, "such as the employer's knowledge that the [employee] engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987).

Plaintiff's SAC alleges several adverse actions beginning in September 2020, for the first EEO case, in June 2021, for the second EEO case, and in January 2022, for the third EEO case. SAC ¶¶ 8-10. The corresponding investigation reports, for all three cases, state that Plaintiff's protected activities occurred between 2014 and December 2020. ECF No. 34-2 at 4; ECF No. 34-3 at 5; ECF No. 34-4 at 89. Plaintiff cannot support a plausible causal connection on these facts alone as an adverse employment action taken years after the protected conduct suggests no causality at all. *Manatt*, 339 F.3d at 802 (explaining that temporality alone is sufficient to infer causation, but a time lapse of nine months supports no such inference); *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (recognizing that cases that accept temporality alone to show causation uniformly hold that the temporal proximity must be very close and collecting cases holding that a three- or four-month gap is too long).

While causation need not be established by temporality alone, Plaintiff has failed to allege any other circumstantial evidence supporting a plausible causal connection. Accordingly, the Court **DISMISSES** Plaintiff's retaliation claim brought under Title VII.

### IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss, ECF No. 35. In the Court's prior Order, it cautioned Plaintiff that failure to cure deficiencies present in his previous complaints would bar his opportunity for future leave to amend. *See* ECF No. 33 at 9. Because Plaintiff has failed to do so, and amendment would be futile, the

Court **DISMISSES** Plaintiff's second amended complaint without leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("A district court…may in its discretion deny leave to amend…due to repeated failure to cure deficiencies by amendments previously allowed.") (internal quotations and citations omitted). The Clerk of Court is directed to close this case.

**IT IS SO ORDERED**.

Dated: May 13, 2025

Honorable James E. Simmons Jr.
United States District Judge